## Staunton.

## DABNEY v. SHELTON.

### SEPTEMBER 23d, 1886.

1. JUDGMENTS—*Statute of limitations—Execution—Scire facias.*—Where ten years or more have elapsed since rendition of judgment, and no execution was issued upon it, and no writ of *scire facias* was sued out to revive it, within the period of ten years, the said judgment is barred by the statute of limitations, both at law and in equity. Code 1873, ch. 182, §§ 12 and 13; *Hutcheson* v. *Grubbs*, 80 Va. 251.

2. IDEM—*Saving clause.*—Petitions filed during that period by, judgment creditor in a chancery suit brought to subject the lands of judgment debtor to the payment of judgment liens, and dismissed without any order on it except that of dismissed seven years after it was filed, did not suspend the right to sue out execution upon the judgment, and does not bring the case under the saving clause contained in § 13 of said chapter.

Argued at Richmond. Decided at Staunton.

Error to judgment of circuit court of Goochland county, rendered November 7th, 1883, in the proceeding by *scire facias* to revive a judgment of said court in favor of the defendant in error, Shelton, against the plaintiff in error, Dabney. The judgment was adverse to Dabney, and he procured a writ of error and *supersedeas* from a judge of this court.

Opinion states the case.

*Jackson Guy*, for the plaintiff in error.

*Pettit & Leake*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This is a writ of error to the judgment of the circuit court of Goochland county, rendered on the 7th day of November, 1883, in a proceeding by *scire facias* to revive a judgment then pending in that court.

The judgment in question was recovered on the 8th day of April, 1868, against the plaintiff in error, as surety for Peter Guerrant. On this judgment no execution has issued, and no *scire facias* was sued out to revive the judgment until after the expiration of ten years from its date, to wit, December, 1878. This was too late under our statute, sections 12 and 13, ch. 182, V. C. Opinion of Lewis, P., in *Hutcheson* v. *Grubbs*, 80 Va. 251.

But the circuit court held, and the defendant in error contends here, that the time between April, 1871, when the plaintiff in error filed his petition in the chancery suit, which had been brought to subject the lands of the judgment debtor to the payment of the said judgment, and April, 1875, when his petition was dismissed, is saved to the defendant in error by the exception contained in the 13th section of chapter 182, cited above, "except that in computing the time, any time during which the right to sue out execution on the judgment is suspended by the terms thereof, or *by legal process*, shall be omitted."

It is claimed that the petition above mentioned, filed in the chancery suit of *Guerrant's Creditors* v. *Guerrant's Executors*, in which the petitioner claimed that all the lands of Peter Guerrant should be first subjected and sold to satisfy the judgments against him, before certain land, bound by a junior encumbrance in favor of petitioner, should be sold, and upon which no *other* order of court was ever made except an order of dismissal, seven years after it was filed, should be held to be "legal pro-

cess," "which suspended the right to sue out execution on the said judgment." No such order was ever made on said peti-. tion, and no such order was ever asked for.

The petition in no way suspended the right to sue out execution on this judgment. That was not its object. Its sole purpose was to have the land, bound for the debt due the petitioner, last sold; that is, the judgments being senior and binding all the land, and the lien of petitioner binding only one piece, and being junior, that this last piece so bound for both debts should not be sold to satisfy the senior lien, unless the other lands should prove inadequate; and the actual sales showing that the senior lien absorbed all the proceeds, the petition of the junior lienor was dismissed. This petition in no way affected the judgment creditor's rights under his judgment, and did not suspend the right to issue execution, by legal process or otherwise. Ten years having elapsed, the judgment was dead. No execution having issued in the prescribed time, the judgment, in the language of Judge Carr, in *Fleming* v. *Dunlop*, was annihilated. 4 Leigh 438.

The judgment of the circuit court, reviving the said judgment, was erroneous, and must be reversed and annulled.

JUDGMENT REVERSED.